WALTER FAUCETT and ROBERT GILLIAM v. STATE.

No. A-1166.   Opinion Filed January 17, 1912.

Appeal from Tulsa County Court; N. J. Gubser, Judge.

Walter Faucett and Robert Gilliam were convicted of violating the prohibitory law, and appeal.   Reversed and remanded.

Davidson & Williams, for plaintiffs in error.

Smith C. Matson and E. G. Spilman, Asst. Attys. Gen., for the State.

PER CURIAM.   Plaintiffs in error were convicted in the county court of Tulsa county, at the January, 1911, term, of violating the prohibitory law, and Walter Faucett's punishment fixed at a fine of three hundred dollars and thirty days' imprisonment in the county jail, and Robert Gilliam's punishment fixed at a fine of fifty dollars and thirty days' confinement in the county jail.   Following the doctrine laid down by this court in the cases of Barr v. State, infra, 115 Pac. 1009; Harper v. State, infra, 115 Pac. 1009, and McDaniel v. State, infra, 115 Pac. 1010, we think the judgment of the trial court should be reversed and the cause remanded with directions to cause the county attorney to file a proper information, and try the case anew.   It is so ordered.

---

D. S. THOMPSON v. STATE.

No. A-1167.   Opinion Filed January 17, 1912.

Appeal from Tulsa County Court; N. J. Gubser, Judge.

D. S. Thompson was convicted of violating the prohibitory law, and appeals.   Reversed and remanded.

Davidson & Williams, for plaintiff in error.

Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM.   Plaintiff in error was convicted in the county court of Tulsa county at the January, 1911, term, on a charge of having the unlawful possession of intoxicating liquor with intent to sell the same, and his punishment fixed at a fine of three hundred dollars and thirty days' imprisonment in the county jail.   Following the doctrine laid down by this court in the cases of Barr v. State, infra, 115 Pac. 1009; Harper v. State, infra, 115 Pac. 1009, and McDaniel v. State, infra, 115 Pac. 1010, we think the judgment of the trial court should be reversed and the cause remanded with directions to cause the county attorney to file a proper information, and try the case anew.   It is so ordered.